■ BANK OF NEW YORK, as Successor to JPMORGAN CHASE BANK, N.A., as Trustee for BEAR STEARNS ASSET BACKED SECURITIES TRUST 2006-SD2, ASSET-BACKED CERTIFICATES, SERIES 2006-SD2, Appellant, v TANIA WATERS et al., Respondents, et al., Defendants. [5 NYS3d 877]—In an action to foreclose a

mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Saitta, J.), dated March 13, 2014, which denied its motion, in effect, for leave to renew and reargue its prior motion, pursuant to RPAPL 1321, for an order of reference, which had been denied in an order of the same court dated April 15, 2013.

Ordered that the appeal from so much of the order dated March 13, 2014, as denied, in effect, that branch of the appellant's motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument (*see US Bank, N.A. v Morrison*, 120 AD3d 1222 [2014]); and it is further,

Ordered that the order dated March 13, 2014, is affirmed insofar as reviewed, without costs or disbursements.

The Supreme Court properly denied, in effect, that branch of the plaintiff's motion which was for leave to renew its prior motion, pursuant to RPAPL 1321, for an order of reference. The plaintiff failed to present "new facts not offered" on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]; *see PII Sam, LLC v Mazzurco*, 121 AD3d 1063, 1064 [2014]). Moreover, the plaintiff presented no reasonable justification for failing to submit the purportedly new evidence when it previously moved for the same relief (*see* CPLR 2221 [e] [3]; *Deutsche Bank Trust Co. v Ghaness*, 100 AD3d 585, 586 [2012]). A motion for leave to renew "is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*Jovanovic v Jovanovic*, 96 AD3d 1019, 1020 [2012]; *see Fardin v 61st Woodside Assoc.*, 125 AD3d 593 [2015]). Dillon, J.P., Dickerson, Hall and LaSalle, JJ., concur.